UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JALEEL BOWEN,

                             Plaintiff,

                                                                                    Case # 16-CV-128-FPG

v.

                                                                                    DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                             Defendant.
_____

      Jaleel Bowen ("Bowen" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

      Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On August 10, 2012, Bowen protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 132-37. He alleged that he had been disabled since July 14, 2008 due to neuropathy, weakness and stiffness in his left leg, lifting restrictions, sleep apnea,

---

[1]    Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]    References to "Tr." are to the administrative record in this matter.

post-traumatic stress disorder, depression, and anxiety. Tr. 132, 150. After his application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Robert T. Harvey ("the ALJ") on May 7, 2014 in which the ALJ considered Bowen's application *de novo*. Tr. 25-54. Bowen appeared with his attorney and testified. *Id.* Josiah L. Pearson, a vocational expert ("VE"), also appeared at the hearing and testified. Tr. 49-54. On July 15, 2014, the ALJ issued a decision finding that Bowen was not disabled within the meaning of the Act. Tr. 9-20. That decision became the Commissioner's final decision when the Appeals Council denied Bowen's request for review on December 16, 2015. Tr. 1-3. Thereafter, Bowen commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Bowen's claim for benefits under the process described above. At step one, the ALJ found that Bowen had not engaged in substantial gainful activity since the application date. Tr. 11. At step two, the ALJ found that Bowen has gunshot wounds to the lumbar/thoracic area, which constitutes a severe impairment. Tr. 11-12. At step three, the ALJ found that such impairment did not meet or medically equal an impairment in the Listings. Tr. 12.

Next, the ALJ determined that Bowen retained the RFC to perform light work[3] with additional limitations. Tr. 13-18. Specifically, the ALJ found that Bowen cannot work at unprotected heights, around heavy, moving, or dangerous machinery, or where he would be exposed to cold; can occasionally bend, climb, stoop, squat, kneel, balance, and crawl; and is able to perform the basic mental demands of unskilled work, including understanding, remembering, and carrying out simple instructions, responding appropriately to supervisors, coworkers, and usual work situations, and dealing with changes in a routine work setting. Tr. 13.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

At step four, the ALJ indicated that Bowen had no past relevant work. Tr. 18. At step five, the ALJ relied on the VE's testimony and found that Bowen can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 18-19. Specifically, the VE testified that Bowen could work as a cashier and mail clerk. Tr. 19. Accordingly, the ALJ concluded that Bowen was not "disabled" under the Act. *Id.*

## II.    Analysis

Bowen argues that the ALJ's credibility assessment is not supported by substantial evidence. ECF No. 8-1, at 19-20.[4] Specifically, Bowen asserts that the ALJ erred by finding him "not entirely credible" without any explanation whatsoever. *Id.* The Court agrees.

The ALJ must consider all of the claimant's statements about his or her symptoms and how those symptoms affect his or her daily activities and ability to work. 20 C.F.R. § 416.929. At the same time, however, a claimant's statements about his or her symptoms will not alone establish that he or she is disabled. *Id.* Thus, when considering a claimant's alleged symptoms and their effect on his or her ability to work, the ALJ must follow a two-step process.

First, the ALJ must consider whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]" 20 C.F.R. § 416.929(a). Second, if such an impairment is shown, the ALJ must evaluate the "intensity and persistence" of a claimant's symptoms to determine the extent to which they limit his or her work capacity. 20 C.F.R. § 416.929(c)(1).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the

---

[4]    Bowen advances other arguments that he believes require reversal of the Commissioner's decision. ECF No. 8-1, at 12-19. However, because this Court disposes of this matter based on the ALJ's improper credibility assessment, those arguments need not be reached.

following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. §§ 416.929(c)(3)(i)-(vii).

The ALJ's credibility findings "must be set forth with sufficient specificity to permit intelligible plenary review of the record."  *Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014) (quotation marks and citation omitted).  Social Security Ruling 16-3p warns that:

> [I]t is not sufficient for [the ALJ] to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent."  It is also not enough for [the ALJ] simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

SSR 16-3p, 2016 WL 1119029, at *9 (S.S.A. Mar. 16, 2016) (emphasis added).

Here, the ALJ's credibility determination is conclusory and insufficient.  The ALJ stated the following regarding Bowen's credibility:

> After careful consideration of the evidence, the undersigned finds that [Bowen]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Bowen]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible but not to the extent alleged.  There are no third party statements.

Tr. 18.  The ALJ offered no other explanation as to why he found Bowen "not entirely credible."

The Commissioner attempts to provide support for the ALJ's credibility determination. ECF No. 10-1, at 27-30. However, "[a] reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (quotation marks and citation omitted). The ALJ failed to consider the regulatory factors or specifically explain why he did not find Bowen's statements concerning the limiting effects of his symptoms credible. Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 28, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court